## COMMONWEALTH *versus* LUTHER SPRING.

The certificate of the clerk of the county commissioners, that a person has been licensed by them as an innholder, is not *per se* a license.

Neither is it conclusive evidence of the grant of such license, but it may be controlled by the records of the commissioners.

INDICTMENT for a violation of Revised Stat. *c.* 47, § 1, in selling spirituous liquor without license.

At the trial, in the Court of Common Pleas, before *Cummins* J., the defendant admitted that he had sold a quantity of gin, but claimed to have been duly licensed as an innholder, to sell the same.

The district attorney, in order to prove that the defendant was not so licensed, offered in evidence the records of the county commissioners. The defendant objected to this, because he held a certificate from the clerk of the county commissioners, which set forth, that on the 17th of May, 1837, the defendant was duly licensed as an innholder or seller of wine, brandy, and any other spirituous liquors, until the 1st of April, 1838. The judge admitted the records in evidence, whereby it appeared, that at a meeting of the county commissioners on the 16th of May, 1837, a license was granted to the defendant to sell fermented liquors; but no other license appeared, upon the records, to have been granted to him.

The judge instructed the jury, that the record proved that the defendant had not been licensed to sell spirituous liquors; that the certificate was not evidence of such a license; and that they should return a verdict of guilty. The jury having found accordingly, the defendant excepted to these rulings.

*Washburn*, for the defendant, cited *Commonwealth* v. *Samuel*, 2 Pick. 103; *Goff* v. *Fowler*, 3 Pick. 300; *Commonwealth* v. *Bolkom*, 3 Pick. 281; Revised Stat. *c.* 84, § 5; Revised Stat. *c.* 47, § 17; 1 Stark. on Ev. 173; 3 Stark. on Ev. 1043; Com. Dig. *Certificate.*

*Austin*, (Attorney-General,) for the Commonwealth.

PUTNAM J. afterward drew up the opinion of the Court. By the Revised Stat. *c.* 14, § 30, the county commissioners are authorized to grant licenses to innholders, retailers of spirits and other liquors, and common victuallers. By Revised Stat. *c.* 84, § 5, the clerk of the commissioners shall record, in books to be kept for that purpose, all the proceedings of the commissioners which require to be recorded, and shall have the care and custody of all the books and papers appertaining to their business. By the Revised Stat. *c.* 47, § 1, no person shall presume to be an innholder, common victualler or seller of wine, brandy, rum or any other spirituous liquor, to be used in or about his house or other buildings, unless he be first licensed as an innholder or common victualler, according to the provisions of that chapter, on pain of forfeiting, &c.

The defendant is indicted for the alleged violation of the section last cited. He admits, that he has acted as an innholder and sold a quantity of gin, as such; and it is for him to prove that he has been duly licensed to do so. By the Revised Stat. *c.* 47, § 17, the commissioners are authorized to grant licenses to innholders, &c. &c. The defendant has produced a certificate which is signed by the clerk of the commissioners, by which it appears that he was licensed as an innholder, on the 17th of May, 1837, until the 1st of April, then next to come; and that certificate, it is contended for the defendant, is *the* license, or conclusive evidence of the fact that the commissioners have granted him a license to be an innholder during that term.

The question is divisible. 1st. Is the paper produced the very license? 2dly. If not, is it conclusive evidence of a grant of license by the commissioners?

In regard to the first point, the Court are all clearly of opinion, that the certificate is not, *per se*, a license. The clerk has no authority to grant license. It is a power given to the

34

Common-
wealth
*v.*
Spring

commissioners, to be exercised according to their discretion. The grant should appear in the records of the doings of the commissioners, to have been made by them. If there had not been any certificate, but the grant appeared on the records to have been regularly made, the license would have been complete. *Commonwealth* v. *Bolkom*, 3 Pick. 282.

And in regard to the second point, the Court are of opinion, that the certificate is not conclusive, but *primâ facie* evidence of the facts set forth. It purports only to speak of what is, or should be, contained in the records. We think the judge decided correctly, that the records should be given in evidence, to control the certificate. And upon recurring to them, it seems to the Court, that the certificate was issued inadvertently and by mistake. It does not appear from the records, that any license was granted to the defendant to sell rum, &c. as an innholder, nor any license at all on the 17th of May, 1837, as the certificate sets forth. But it does appear by the records, that on the 16th of May, 1837, the defendant was licensed to sell wine, &c. or to keep a temperance house, as it is commonly called, or, as it is sometimes said, to be a retailer in the second degree.

If this mistake were not known to the defendants, it would present a good reason why the prosecuting officers should not prosecute any further ; otherwise, a different result should be drawn.

Upon the case submitted to us the Court are all of opinion, that the exceptions filed by the defendant should be overruled and judgment be rendered against him upon the verdict.